I must respectfully dissent from the decision reached by the majority in this case.
If the State violates Crim.R. 4(E)(2), what can a trial court do? The result reached by the trial court in dismissing the charge against appellee was the only recourse available to it. In reversing the trial court's decision, the majority is denying the trial court the right to dismiss the late filing of a complaint by the State. Such action essentially eliminates the need for Crim.R. 4(E)(2), in that if it has no penalty, it has no effect.
I do not believe that it is within the province of an appellate court to have to determine that a five-day delay in the filing of a complaint by the State is reasonable, while a 150-day delay is unreasonable. Such determination is not required as Crim.R. 4(E)(2) mandates that the State shall bring charges without unnecessary delay. To me, such language indicates that if there is a delay, it is up to the State to explain the reason the delay is necessary and the cause of the delay. Otherwise, there would not be any need for Crim.R. 4(E)(2).
As such, I would affirm the decision of the trial court, dismissing the charge against appellee pursuant to Crim.R. 4(E)(2).